# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON KENNEDY** | **CIVIL ACTON NO.** |
| **VERSUS** | **22-746-JWD-EWD** |
| **STATE FARM FIRE AND CASUALTY CO., ET AL.** | |

## ORDER AND JUDGMENT OF DISMISSAL

Plaintiff Jason Kennedy ("Kennedy"), who is representing himself, has failed to prosecute his case and to follow Court orders. Therefore, this action shall be dismissed without prejudice on the Court's own motion under Federal Rule of Civil Procedure 41(b).

On February 4, 2025, Kennedy's lawyers moved to withdraw from representation "due to fundamental disagreements regarding the prosecution of the case and the failure to follow the advice of counsel."[1] On February 7, 2025, the Court issued an Order, setting a hearing on the Motion to Withdraw as Counsel for February 25, 2025 by video before the Magistrate Judge. The Order required Kennedy to attend the hearing. The Order also stated that Kennedy's failure to appear at the hearing could result in dismissal of his claims without further notice. The Court sent the Order setting the hearing and the participant instructions to Kennedy by certified and regular mail to his last known address provided by his lawyers in the Motion to Withdraw.[2]

On February 25, 2025, the hearing was held on the Motion to Withdraw.[3] Kennedy appeared for the hearing and stated that he understood that his lawyers were withdrawing and that he agreed to the withdrawal. The Motion to Withdraw was granted and, because Kennedy stated

---

[1] R. Doc. 56, p. 1. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 57.

[3] R. Doc. 59.

that he intended to hire a new lawyer, the case was administratively closed for 45 days, until April 11, 2025, to give him time to do so.[4]

After the 45-day period passed, the Court issued an Order setting a status conference for May 20, 2025 because a new lawyer had not enrolled for Kennedy. That Order also contained a notice to Kennedy that his case could be dismissed if he did not timely appear for the May 20, 2025 conference.[5] The May 20, 2025 conference was held open for fifteen (15) minutes, but Kennedy did not appear and did not contact the Court to request that the conference be rescheduled.[6]

Because Kennedy did not appear for the May 20, 2025 conference, the Court issued an Order Setting Show Cause Hearing for June 24, 2025 for Kennedy to appear and show cause why his claims should not be dismissed for failure to attend the May 20, 2025 conference. That Order again warned Kennedy that his case could be dismissed if he did not timely appear for the June 24, 2025 conference.[7]

The show cause hearing was held on June 24, 2025 before the Magistrate Judge. The hearing was held open for fifteen (15) minutes, but Kennedy did not appear and did not contact the Court to request that the hearing be rescheduled.[8]

The history of this case shows that Kennedy has failed to take appropriate action to prosecute his claims. Kennedy has failed to respond to at least two Court orders, even though he

---

[4] *Id.*

[5] R. Doc. 61.

[6] R. Doc. 64.

[7] R. Doc. 65.

[8] R. Doc. 68.

was told that his case could be dismissed. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[9] Because Kennedy has ignored Court orders even though he was told that his claims might be dismissed without further notice,

**IT IS ORDERED** that the above-captioned lawsuit be **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiff Jason Kennedy to comply with Court orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiff Jason Kennedy, by regular and certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana on June 24, 2025.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[9] *Boudwin v. Graystone Ins. Co. Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).